NOT DESIGNATED FOR PUBLICATION

No. 128,926

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA R. BISHOP,
*Appellant*.

MEMORANDUM OPINION

Appeal from Franklin District Court; DOUGLAS P. WITTEMAN, judge. Submitted without oral argument. Opinion filed August 7, 2026. Affirmed.

*Lindsay Kornegay*, of Kansas Appellate Defender Office, for appellant.

*Andrew J. Lohmann*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., MALONE and PICKERING, JJ.

PER CURIAM: Joshua R. Bishop appeals the award of jail credit, arguing he is entitled to more credit than the district court awarded. After a careful review of the record, we find no error and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On September 16, 2022, the State charged Bishop with unlawful distribution of a controlled substance, a drug severity level 4 felony; possession of morphine, a drug

1

severity level 5 felony; possession of drug paraphernalia, a drug severity level 5 felony; possession of alprazolam, a class A misdemeanor; and possession of marijuana, a class B misdemeanor. Relevant to this case, Bishop bonded out that same day.

Between September 16, 2022, and February 5, 2024, the State filed many other cases against Bishop. As noted by both parties, Bishop was charged for four other criminal cases during this period. Between June 2023 and January 2024, Bishop's appearance at status conferences was announced as "in custody."

In early 2024, Bishop and the State reached a global plea resolution. Bishop agreed to plead no contest to unlawful distribution of a controlled substance and possession of morphine, and the State agreed the remaining charges would be dismissed. Because Bishop's bond was still active in the case, the State moved to revoke Bishop's bond, which the district court granted. As part of the plea agreement, Bishop agreed to stipulate to violating his probation in another case and be unsuccessfully discharged, which the district court followed. The State also moved to dismiss Bishop's remaining cases.

The district court sentenced Bishop to 68 months' imprisonment for unlawful distribution of a controlled substance. For possession of morphine, the district court sentenced him to 12 months' imprisonment and ran the sentence concurrent with Bishop's sentence for unlawful distribution of a controlled substance.

Regarding jail credit, Bishop requested jail credit from April 21, 2023, until the date of sentencing, March 25, 2024. The district court denied his request because Bishop was on bond from September 16, 2022, until February 5, 2024. Instead, the district court awarded Bishop 53 days of jail credit. Specifically, the district court awarded 3 days of jail credit from September 14, 2022, to September 16, 2022, and 50 days of jail credit from February 5, 2024, to March 25, 2024.

Bishop appealed.

ANALYSIS

*Standard of Review*

Interpretation of a sentencing statute is a question of law, and the standard of review is unlimited. *State v. Moore*, 309 Kan. 825, 828, 441 P.3d 22 (2019).

*The district court did not err in awarding Bishop 53 days of jail credit.*

On appeal, Bishop argues he was in jail during the pendency of his case and his jail credit should reflect the time he was incarcerated. He contends he was continuously in jail between, at minimum, June 5, 2023, and January 22, 2024. Thus, he should receive more than the 53 days of jail credit the district court awarded him.

K.S.A. 2022 Supp. 21-6615(a), the jail credit statute in effect when Bishop committed his crimes, stated:

> "In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case."

In *State v. Ervin*, 320 Kan. 287, 311-12, 566 P.3d 481 (2025), the Kansas Supreme Court interpreted K.S.A. 21-6615(a) to require one day of jail credit for "each day that [a

defendant] was incarcerated pending disposition of [a criminal] case regardless of whether [the defendant] received an allowance for some or all that time against a sentence in another case."

Another panel of this court addressed a nearly identical factual scenario in *State v. Hill*, 66 Kan. App. 2d 177, 180, 577 P.3d 670 (2025), *rev. granted* 321 Kan. 792 (2026). In *Hill*, the defendant "was released on bond and remained on bond until his sentencing in this case. Subsequently, Hill was incarcerated in Bourbon County in an unrelated case for at least part of the time that this case was pending before the district court." 66 Kan. App. 2d at 178. The panel declined to extend *Ervin*, stating: "[I]t would be inappropriate to expand its holding in an attempt to justify an award of jail time credit for a subsequent incarceration after a defendant posts bond, is released from jail, and remains on bond until sentencing in the case for which the defendant is seeking additional credit." *Hill*, 66 Kan. App. 2d at 180. Citing *State v. Urban*, 291 Kan. 214, 220, 239 P.3d 837 (2010), the panel "observe[d] that defendants released on bond are not incarcerated." *Hill*, 66 Kan. App. 2d at 180. The panel concluded that "when [Hill] was subsequently incarcerated in the Bourbon County jail in an unrelated case, Hill was no longer incarcerated in this case, and he is not entitled to any additional jail time credit." 66 Kan. App. 2d at 181; see also *State v. Thompson*, 66 Kan. App. 2d 223, 230, 579 P.3d 511 (2025) (finding defendant not entitled to credit for time spent incarcerated in Missouri before service of Kansas warrant "because he was not being held in custody on this case."), *rev. granted* 321 Kan. 794 (2026).

Here, the record reflects Bishop posted bond on September 16, 2022. The district court did not revoke Bishop's bond in this case until February 5, 2024. While Bishop was incarcerated on other cases between April 2023 and—at minimum—January 2024, Bishop was not incarcerated pending the disposition of this case. Following the rationales of *Hill* and *Thompson*, Bishop is not entitled to jail credit for any time spent incarcerated between September 16, 2022, when he was released on bond, and February 5, 2024,

when his bond was revoked. See *Thompson*, 66 Kan. App. 2d at 230; *Hill*, 66 Kan. App. 2d at 180.

The district court properly awarded Bishop jail credit for his time incarcerated before September 16, 2022, and after February 5, 2024. The district court also correctly denied Bishop's request for time spent incarcerated from April 21, 2023, through February 5, 2024, because Bishop was on bond in this case. In other words, he was not serving any time in jail from April 21, 2023, through February 5, 2024, and thus is not entitled to relief. Bishop received the appropriate jail credit of 53 days.

Affirmed.